IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SWAYSEY RANKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 9534 |
| v. ) | |
| ) | Judge John Z. Lee |
| WEXFORD HEALTH SOURCES, INC., ) | |
| SALEH OBAISI, M.D., WILLIAMS, M.D., ) | |
| DAVIS, M.D., and BAKER, M.D., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Swaysey Rankin has filed (1) a *pro se* motion to reinstate defendants Dr. Obaisi and Dr. Baker and to substitute a party [93], as well as (2) a *pro se* motion "to alter or amend judgment pursuant to [Federal Rules of Civil Procedure] 60 and 59" [94]. For the reasons stated herein, these motions are denied. The Court, however, denies Defendants' request for sanctions [96] in connection with the filing of these motions.

## STATEMENT

In an August 2019 order this Court dismissed this case without prejudice as to defendants Dr. Baker and Dr. Obaisi since they were not served and granted summary judgment as to the remaining defendants. Mem. Op. and Order, ECF No. 85. Rankin has now filed a motion seeking to reinstate Dr. Baker and Dr. Obaisi, and to substitute Dr. Obaisi with Dr. Obaisi's estate, given that he is deceased, on

the ground that the failure to serve these defendants was due to the "neglect" of Rankin's attorney. Mot. Reinstate and Substitute at 1, ECF No. 93. Rankin has also filed a motion for the Court to "reconsider the dismissal of the case pursuant to Rules 60 and 59," in which he alleges that his attorney was ineffective in defending against summary judgment and also takes issue with the Court's analysis in its order granting summary judgment. Mot. Alter or Amend J., ECF No. 94.

The Court first notes that, though the instant motions have been filed *pro se*, Rankin is still represented by counsel in this case. *Cf. United States v. Khatib*, 606 F. App'x 845, 847 (7th Cir. 2015) ("[A] defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions."). The Court further notes that Rankin's bare assertion of attorney neglect is insufficient to reinstate a case as to defendants that were never served. *Cf. Tso v. Delaney*, 969 F.3d 373, 376 (7th Cir. 1992) ("[S]imple attorney neglect, without more, cannot serve as the basis for finding of good cause [needed to extend the time limit for effectuating service under FRCP 4(m)].").

The Court is also unpersuaded by Rankin's argument that judgment should be reopened because his attorney inadequately defended against that judgment. Rankin's argument on this front largely relies on his attorney's alleged failure to conduct meaningful discovery and his related failure to comply with aspects of Local Rule ("LR") 56.1. Specifically, as noted in the Court's order granting summary judgment, Rankin's brief in opposition to summary judgment in several instances disputed facts set forth by the Defendants and yet failed to reference "affidavits,

2

parts of the record, and other supporting materials relied upon" for the denial, LR 56.1(b)(3)(B). Further, Rankin's brief in opposition also cited, improperly, to his initial complaint and exhibits. With that said, however, the Court granted summary judgment through an analysis that explicitly "excus[ed] Rankin's failure to comply with Local Rule 56.1." Mem. Op. and Order at 2 n.2. Additionally, Rankin's argument that his attorney could have, and should have, discovered more evidence in discovery is supported merely by conclusory statements. And while Rankin argues that the Court should also reconsider its order granting summary judgment on the ground that his attorney was neglectful in failing to serve Dr. Baker and Dr. Obaisi, the Court notes that the case was dismissed with respect to those two defendants *without* prejudice and that it would lack sense to unsettle judgment as to some defendants on the ground that service was not effectuated with respect to other defendants.

Finally, the Court—after careful consideration—rejects Rankin's argument that the order granting summary judgment should be reconsidered because of certain disagreements he has with the Court's analysis in that order, including the analysis supporting the conclusion that Rankin failed to establish conscious disregard for defendant LaTanya Williams. The arguments he provides either could have and should have been made earlier—and are thus inappropriate for a motion to reconsider or a motion for relief from the judgment, *see, e.g.*, *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991) ("[A] motion to reconsider does not 'serve as the occasion to tender new legal theories [or new evidence] for the first

3

time.'" (second alteration in original) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 666 (N.D. Ill. 1983))); Fed. R. Civ. P. 60 (b)—or were already addressed by the Court in its earlier order.

With that said, the Court denies Defendants' request for sanctions in connection with the filing of these motions. While Defendants claim that Rankin breached an agreement for him to abstain from continuing to *litigate* this case, a closer examination of the agreement shows that Rankin only promised to abstain from *appealing* this case. *See* Email from Olson to Gorski, ECF No. 96-1.

**IT IS SO ORDERED.**     **ENTERED: 5/20/20**

*/s/ John Z. Lee*

_____
John Z. Lee
United States District Court Judge

4